## MESSICK *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 73, September Term, 1957.]

*Decided January 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This applicant for leave to appeal from the denial of a writ of *habeas corpus* was convicted of unauthorized use of an automobile in 1951, in the Criminal Court of Baltimore, and

648

sentenced to three years but placed on probation. He was again tried and convicted on April 16, 1952, on three cases of unauthorized use, and sentenced to three years in each case, to run concurrently. However, since he was found to have violated his parole, he was ordered to serve the first sentence, the other sentences to begin at the expiration of the first. He was paroled on June 7, 1954, but returned on May 23, 1957, for violating parole. The order for revocation of parole states that he "be returned to the Maryland House of Correction and serve all other time owed on his original sentence as of the date he was granted parole".

Petitioner contends that he was required to serve the second sentence first, and that he cannot now be required to serve the first sentence, which has expired. We find no factual basis for the contention. Under the sentence on April 16, 1952, he was plainly required to serve six years from April 1, 1952, and the order of service was specified. It was within the discretion of the Board of Parole and Probation to deny him credit for the time spent in the community, after violation of his parole. Code (1957 Supp.), Art. 41, sec. 91H; *Hall v. Warden*, 211 Md. 661.

*Application denied, with costs.*